## BIGELOW v GOODRICH RUBBER CO

Ohio Appeals, 2nd Dist, Franklin Co
No. 2046. Decided June 29, 1931

Henry G. Binns, Columbus, for Bigelow.

Morrow & Morrow, Columbus, for Goodrich Rubber Co.

ALLREAD and HORNBECK, JJ (2nd Dist), and LEVINE, J (8th Dist), sitting.

PER CURIAM.

Reference is made in the application to the date of the appointment of the receiver for the Red Top Cab Company, but we find nothing in the record concerning this important date.

It is true that Mr. Wotring, at page 44, says that the arrangement by which the company leased tires continued up to sixty or possibly ninety days prior to the appointment of the receiver, and he says that the receiver operated the company for himself and the testimony of the receiver is that he adjusted the claim of the plaintiff in error against the Cab Company. The testimony of the receiver is not definite and it may be that he did not make any adjustment respecting sales to the Red Top Cab Company.

Our attention is called to the testimony of Mr. Wotring to the effect that he bought tires of the defendant in error. It is true that he so testified but this is not of probative value to establish sales of the tires, the purchase price of which is sued upon.

We have examined particularly the testimony of Mr. Wotring on page 47 and find nothing there that would be of any effect on the question under immediate consideration, viz., whether or not the tires were sold.

It is claimed that the ledger sheet discloses that the transactions were sales. This may be true but we are unable to so determine from the entries and no explanation of the entries by anyone qualified to make it appears in the record. The trial court erroneously refused any explanation of the system of bookkeeping. It is asserted that the amount sued for is represented by the sum total of purchases shown by plaintiff's exhibits B, C, D and E. We are not able, by computation, to find that they are equal.

Because of the fact that there is some evidence in the record tending to establish the claim of the plaintiff, we may have prejudiced the case of defendant in error by entering final judgment against it. We will, therefore, modify our former decision and reverse the judgment as being manifestly against the weight of the evidence and remand it for a new trial.

ALLREAD, PJ, HORNBECK and LEVINE, JJ, concur.